Edna E. Meredith v. Commissioner.
Meredith v. Commissioner
Docket Nos. 109987, 111959.
United States Tax Court
1943 Tax Ct. Memo LEXIS 377; 1 T.C.M. (CCH) 847; T.C.M. (RIA) 43153; March 31, 1943
*377 Petitioner purchased from an insurance company a life annuity and two single premium life insurance policies. In each of the tax years petitioner received the annuity and the proportion of the divisible surplus of the insurance company apportioned to the two life insurance policies as dividends. Held, following Peter H. Meyer, Jr., and Cordelia Meyer, Memorandum B.T.A. (Docket No. 107024, June 4, 1942), and Bodine v. Commissioner, 103 Fed. (2d) 982, certiorari denied 308 U.S. 576, there should be included in taxable income on account of the amounts so received only the sum of three per cent of the consideration paid for the annuity contract. John D. Garrison, Esq., 25 Broadway, New York City, for the petitioner. Arthur Groman, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion These proceedings were consolidated and submitted on the pleadings. In Docket No. 109987 respondent determined deficiencies in income tax for the years 1938 and 1939 in the respective amounts of $229.32 and $1,114.38. In Docket No. 111959 a deficiency in income tax for the year 1940 was determined in the sum of $816.47. The question *378 involved is whether or not all the payments received by petitioner during the taxable years under contracts with the Prudential Life Insurance Company of America constitute taxable income. Petitioner contends that the payments received by her with respect to two single payment life contracts represent returns of premiums paid by her and, consequently, are not taxable; and that the annuity payment of $1,358.16 received in each of the years in question is taxable only to the extent provided by paragraph 22(b) (2) of the Revenue Act of 1938 and the Internal Revenue Code. Findings of Fact Petitioner is a citizen of the United States. Her address is 1716 Locust Street, Des Moines, Iowa. Petitioner's income tax returns for the periods here involved were filed with the Collector of Internal Revenue, Des Moines, Iowa. On January 25, 1936 the Prudential Life Insurance Company of America issued to petitioner two single payment life contracts and one nonparticipating life annuity contract. The life annuity contract, designated No. A13009, provides for an annuity of $1,358.16 to be paid each year to the petitioner during her lifetime in consideration of the payment by petitioner to the Prudential *379 Insurance Company of America of the purchase price of $19,358. The two single payment life contracts were issued on the life of petitioner as insured and are identical, except that contract No. 9178266 provides for the payment of the sum of $40,000 upon the death of petitioner to petitioner's grandson and granddaughter in equal shares, in consideration of the application for the policy and the single premium in the amount of $28,513.60 paid on delivery of policy; and contract No. 9178267 provides for the payment of the sum of $10,000 upon the death of petitioner to petitioner's granddaughter in consideration of the application for the policy and the single premium in the amount of $7,128.40 paid on delivery of policy. These single payment life contracts contained the usual clauses found in contracts of that type, including a provision that any proportion of the divisible surplus accruing thereon shall be annually ascertained and apportioned to the policies as dividends. A table of cash surrender and loan values is set forth in each policy under which the cash surrender and loan values of the policies in the years 1938, 1939 and 1940 were as follows: Policy No.
1938
1939
1940
9178266
$24,840.
$25,720.
$26,160.
9178267
6,210.
6,430.
6,540.
*380 No reference is made in the non-participating life annuity contract to the two single payment life contracts and no reference is made in the two single payment life contracts to the non-participating life annuity contract. During each of the years 1938, 1939 and 1940 the petitioner duly received the stipulated annuity of $1,358.16 with respect to the said non-participating life annuity contract designated No. A13009. During the years 1938, 1939 and 1940 the petitioner received her proportion of the divisible surplus apportioned as dividends to the two single payment life contracts designated 9178266 and 9178267, respectively, as follows: Policy No.
1938
1939
1940
9178266
$266.80
$210.80
$219.20
9178267
66.70
52.70
54.80
Petitioner excluded from her reported net income for the years 1938, 1939 and 1940 the last-named sums representing the proportion of the divisible surplus accruing on the two single payment life contracts. Of the annuity of $1,358.16 received in each of those years she reported the sum of $464.59 as taxable income. She concedes, however, that the figure $464.59 was erroneously computed, and that of the annuity received in each year there *381 is properly includible in her taxable net income three per cent of the total consideration paid for the annuity contract ($19,358), or $580.74. Respondent has determined as to each taxable year that the entire amount of the annuity of $1,358.16 and the amounts received by petitioner with respect to the two single payment life contracts designated 9178266 and 9178267, respectively, were income taxable to the petitioner. Opinion ARUNDELL, Judge: The parties agree that in all essential respects the facts in these cases are identical with the facts in the case of Peter H. Meyer, Jr., and Cordalia Meyer v. Commissioner, Docket No. 107024, in which we entered a memorandum opinion on June 4, 1942, holding for petitioners therein. The policies and annuity contracts in both the Meyer case and the present one were issued by the Prudential Life Insurance Company of America. The form and wording of the contracts involved in the Meyer case and in the instant case are substantially the same and only the amounts and the identity of the beneficiaries are different. The circumstance of the issuance of the policies, in that the insured on the same day took out her life insurance *382 policies and her annuity contract, is on all fours with the Meyer case. The holding in the Meyer case was grounded on , certiorari denied , and that case is likewise controlling here. It appears that respondent's argument is based on the assumption that petitioner has made a single investment of $55,000 representing the cost of the two insurance policies and the annuity contract, and that the sums received both by way of dividends on the insurance policies and by way of the annuity contract are income from that single transaction. The Bodine and Meyer cases make it clear that such a transaction as here involved may not be so considered. The annuity contract must be recognized for what it is and the annual sum payable thereunder is taxable under section 22(b) (2) of the Revenue Act of 1938 and the Internal Revenue Code, which limits the taxable income to three per cent of the total consideration paid for the annuity. The question of the taxability of the dividends on the insurance policies apparently was not directly involved in the Bodine and *383 Meyer cases. We agree, however, with counsel for the litigants that those cases dispose of this point, for it is only by treating the payment of $55,000 as a single investment that we could sustain the respondent. Amounts received under a life insurance policy, other than death payments, interest thereon and annuities, are not taxable until they exceed the aggregate premiums paid. Regulations 103, section 19.22(b)(2)-1. On authority of the Bodine and Meyer cases both issues are decided for the petitioner. Decisions will be entered under Rule 50.